UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLORIA I. RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>IMPACT RECEIVABLES MANAGEMENT, LLC,<br><br>Defendant. | CASE NO. 4:20-cv-04253 |

## COMPLAINT

**NOW COMES** GLORIA I. RICHARDSON ("Plaintiff"), by and through the undersigned counsel, complaining of IMPACT RECEIVABLES MANAGEMENT, LLP ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

4. GLORIA I. RICHARDSON ("Plaintiff") is a natural person over 18-years-of-age who, at all times relevant, resided in Minnesota.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692(a)(3).

6. IMPACT RECEIVABLES MANAGEMENT, LLP is a limited liability company with a principal place of business located at 11104 West Airport Boulevard, Stafford, Texas 77477.

7. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

8. Defendant regularly attempts to collect debts allegedly owed by consumers residing in the state of Minnesota.

## FACTUAL ALLEGATIONS

9. On or around August 27, 2019, Plaintiff renewed her rental agreement for an apartment with Timberland Partners/Eagle Point.

10. In or around February 2020, due to a serious personal matter, Plaintiff decided to move out of her apartment.

11. When Plaintiff moved out, Plaintiff's daughter was still living at the unit.

12. Unfortunately, due to unforeseen financial difficulties, exaggerated by the current COVID-19 pandemic, Plaintiff was unable to stay current with payments on the apartment with Eagle Point.

13. Plaintiff was informed that she owed approximately $2,000.00 ("subject debt").

14. The subject debt is a "debt" as defined by 15 U.S.C §1692a(5).

15. During the course of the year, Plaintiff attempted to resolve the subject debt directly with Eagle Point.

16. However, in or around October 2020, Plaintiff started receiving phone calls from Defendant regarding the subject debt.

17. During the first phone call with Defendant, Plaintiff requested validation of the subject debt and noted that Defendant had her new address.

18. Also during this phone call, Defendant's representative stated that the subject debt was not yet in collections, but would be placed into collections if Plaintiff did not immediately settle the debt.

19. Plaintiff was confused as to how the subject debt was not in collections if a debt collection company was contacting her.

20. Plaintiff advised Defendant's representative that she was unable to make payments at this time.

21. Plaintiff requested that any phone calls from Defendant be placed after 5 p.m. as Plaintiff could not receive phone calls during her working hours or she would risk losing her job.

22. Unfortunately, Defendant's phone calls continued at all hours of the day despite Plaintiff's request for Defendant to call her after 5 p.m.

23. On or about December 8, 2020, Defendant called Plaintiff's place of employment.

24. Plaintiff was incredibly disturbed that Defendant contacted her at her place of employment despite knowing that Plaintiff could potentially lose her job if she received phone calls during working hours.

25. During the course of time dealing with Defendant, Plaintiff has yet to receive any correspondence via United States Mail regarding the subject debt.

Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

26. Plaintiff restates and realleges the preceding paragraphs as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

#### a. Violations of FDCPA §§1692c(a)(1)

28. Section 1692c of the FDCPA regulates communication in connection with debt collection.

29. Specifically, §1692c(a)(1) states that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt – at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . ."

30. Defendant violated §§1692c and c(a)(1) when it knowingly placed phone calls to Plaintiff during times that it knew to be inconvenient to Plaintiff.

31. Specifically, Plaintiff advised Defendant that she (1) could not receive phone calls during working hours (before 5 p.m.), and (2) that her job could be in jeopardy if she received phone calls during this time.

32. Despite Plaintiff's very pointed instructions on times that she could not receive phone calls, Defendant continued to harass Plaintiff with phone calls during those hours.

33. Additionally, Defendant placed a collection call to Plaintiff's place of employment after knowing that it could impact her career.

### b. Violations of FDCPA §§1692d and d(5)

34. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendant violated §§1692d and d(5) when it continuously called Plaintiff during times that Plaintiff had specifically stated were inconvenient times.

36. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

37. The fact that Defendant knowingly placed calls to Plaintiff during times that Plaintiff specifically requested not to receive calls is illustrative of Defendant's intent to harass and annoy Plaintiff, presumably in an effort to either compel payment from Plaintiff or put pressure on Plaintiff to pay the debt she allegedly owes Defendant.

### c. Violations of FDCPA §§ 1692e and e(5)

38. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

39. Defendant violated §1692e by falsely representing to Plaintiff that the subject debt would be sent to collections, when in fact it already was with a collection agency.

40. Upon information and belief, Defendant used this statement as a scare tactic to attempt to coerce Plaintiff in to making a payment on the subject debt as quickly as possible.

### d. Violations of FDCPA §1692g

41. Pursuant to §1692g(a) of the FDCPA, a debt collector must, "within five days after the initial communication with a consumer in connection with the collection of any debt. . .send the consumer a written notice. . ."

42. Defendant violated §1692g(a) by failing to send Plaintiff a validation of the debt within five days of initiating contact with her.

43. Even more, Plaintiff confirmed that Defendant had her new address on file and requested that a validation of the debt be sent to her in writing, and still Defendant failed to send her the required notice.

44. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

45. Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**Intentionally Left Blank**

**WHEREFORE** Plaintiff, GLORIA I. RICHARDSON, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: December 15, 2020                                        Respectfully Submitted,

/s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave.
Ste. 200
Lombard, Illinois 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com